AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court MARRERO

__SOUTHERN__ DISTRICT OF __NEW YORK__

BONNIE HAYES

**SUMMONS IN A CIVIL CASE**

V.

EQUALITY SPECIALTIES, INC., MNC STRIBBONS, INC. AND MNC SOURCING SOLUTIONS, INC.

CASE NUMBER: 09 CIV 7276

TO: (Name and address of defendant)

Equality Specialties, Inc., MNC Stribbons, Inc., MNC Sourcing Solutions, Inc.
1545 NW 165 Street, Miami, Florida 33169
Tel: (305) 621-6022; Fax: (305) 621-6109

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Goldberg & Fliegel LLP
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077 (telephone)

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(BY) DEPUTY CLERK

AUG 18 2009

DATE

AO 440 (Rev. 10/93) Summons in a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
  Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
            Date

Signature of Server _____

Address of Server _____

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For the Plaintiff



JUDGE MARRERO
'09 CIV 7276

RECEIVED AUG 18 2009 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

BONNIE HAYES                          :

        Plaintiff,              :     INDEX NO.

        - against -            :     **COMPLAINT AND JURY DEMAND**

EQUALITY SPECIALTIES, INC., MNC       :
STRIBBONS, INC. AND MNC SOURCING
SOLUTIONS, INC.                       :

        Defendants.             :

- - - - - - - - - - - - - - - - x

    Plaintiff Bonnie Hayes ("Plaintiff") by her attorneys, Goldberg & Fliegel LLP, as and for her Complaint against Defendants, Equality Specialties, Inc., MNC Stribbons, Inc. and MNC Sourcing Solutions, Inc. ("Defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

    1.  This is a case about an employee with an employment contract entitling her to certain payments if she lost her job due to a change in control. The employee lost her job because of a change in control but was unlawfully denied the payments due and owing to her under her contract with the employer.

    2.  Accordingly, this is an action for: (a) breach of contract; (b) promissory estoppel; (c) unjust enrichment; (d)

quantum meruit; and (e) failure to pay wages in violation of the New York State Labor Law, N.Y. Lab. L. §§ 190-199 ("Labor Law").

3. Plaintiff seeks an award of appropriate damages and relief against Defendants and is entitled to recover same.

## THE PARTIES, JURISDICTION AND VENUE

4. Plaintiff is an adult female and a United States citizen currently residing in Wappingers Falls, New York.

5. Defendant Equality Specialties, Inc. ("Equality Specialties") is a corporation incorporated under the laws of the state of Delaware and upon information and belief currently has its principal office located in Florida.

6. Upon information and belief, Defendants MNC Stribbons, Inc. and MNC Sourcing Solutions, Inc. are corporations incorporated under the laws of the state of Florida and have their principal offices located in Florida. Upon information and belief, MNC Stribbons, Inc. and MNC Sourcing Solutions, Inc. are the same entity. For purposes of this Complaint, they are individually and collectively referred to herein as "MNC."

7. Plaintiff seeks to hold Defendants jointly and severally liable under various legal doctrines, including without limitation, integrated enterprise, single employer doctrine, alter ego, respondeat superior, joint employer doctrine, agency, successor liability, identity of interests, and/or other grounds.

8. Upon information and belief, there is complete diversity of citizenship as between Plaintiff and Defendants.

9. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332, 1367(a), 2201, and 2202.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391. This is a district in which a substantial part of the events or omissions giving rise to the claim occurred.

### FACTS

12. In 2003, Equality Specialties offered Plaintiff employment in New York City.

13. Plaintiff accepted the offer of employment and was employed from approximately March 4, 2003 to January 6, 2004.

14. Plaintiff was employed in a New York City office.

15. Plaintiff and Equality Specialties were parties to a written employment agreement ("Agreement"), which Agreement was comprised of two letters, dated March 4, 2003 and April 24, 2003.

16. The Agreement was a binding valid and enforceable contract, and set forth the terms and conditions of Plaintiff's employment.

17. The Agreement referred to Equality Specialties as the "company."

-3-

18. Under the terms of the Agreement, Plaintiff and Equality Specialties agreed, among other items, that Equality Specialties would employ Plaintiff as Vice President Marketing & Sales.

19. Under the terms of the Agreement, Plaintiff and Equality Specialties agreed, among other items, that Plaintiff would be paid wages of certain compensation and benefits.

20. Notably, the Agreement stated, among other items, that "[t]he company will provide you 6 months salary continuance in the event of a change-in-control which eliminates your position."

21. Notably, the Agreement also stated: "In the event of a sale, the Board has agreed to provide you a cash payment of 1% of the net proceeds above $20 million. Such payment will occur 10 days after closing."

22. The Agreement did not define "change-in-control which eliminates your position" and did not define "sale." The Agreement was drafted by Equality Specialties and, therefore, must be construed against Defendants. The words must be construed broadly and in Plaintiff's favor.

23. There was a "change-in-control which eliminates your position" within the meaning of the Agreement.

24. In or about December 2003, Equality Specialties discharged Michael K. Lorelli. Throughout Plaintiff's employment, Mr. Lorelli had served as President and CEO of

-4-

Equality Specialties, had been in control of Equality Specialties, and he had been Plaintiff's direct supervisor.

25. When Equality Specialties discharged Mr. Lorelli, an announcement was made that Dennis Gerrard was now in charge, and he actually or effectively became CEO of Equality Specialties. This constituted a change-in-control.

26. On January 6, 2004, Equality Specialties gave Plaintiff a letter stating, among other items, that "your employment with Equality Specialties, Inc. ("ESI") is ending effective January 6, 2004." Mr. Gerrard, then CEO, told Plaintiff that the termination was not related to her job performance and was not "for cause."

27. There was a change-in-control within the meaning of the Agreement.

28. As a result of the change-in-control, Equality Specialties eliminated Ms. Hayes' position and terminated her employment.

29. Under the Agreement, Equality Specialties was required to pay Plaintiff six (6) months salary continuation, of compensation and benefits (the "Salary Continuation"). At that time, Plaintiff's base salary was $180,000.

30. Upon information and belief, Equality Specialties sold certain material assets and/or operations, to one or more third parties, and MNC acquired Equality Specialties. Upon information

and belief, there was a "sale" within the meaning of the Agreement.

31. Under the Agreement, in connection with such a "sale," Equality Specialties was required to pay Plaintiff a cash payment of 1% of the net proceeds above $20 million (the "Cash Payment").

32. The "Salary Continuation" and the "Cash Payment" are collectively referred to herein as the "Wages."

33. Defendants are jointly and severally liable to Plaintiff for the obligations to her under the Agreement. Defendants unlawfully failed and refused to pay Plaintiff wages, monies and benefits, including the Wages, due and owing to her, in violation of Defendants' contractual and legal obligations to Plaintiff.

34. Plaintiff has a contractual and statutory right to receive the wages, monies and benefits described herein including the Wages, and Defendants were and are contractually and statutorily obligated to pay same to Plaintiff.

35. Defendants' actions are unlawful and caused Plaintiff to incur substantial damages and other losses. As a result of Defendants' unlawful actions, Plaintiff has suffered substantial damages.

36. There is a sum accrued, due and owing by Defendants to Plaintiff as and for unpaid Wages and other wages and monies, which amount has never been paid by Defendants to Plaintiff.

37. Defendants have breached their contractual and statutory obligations to Plaintiff.

38. Defendants have willfully and unlawfully failed to pay Plaintiff unpaid wages, monies and benefits due and owing to her and have failed to pay Plaintiff same, when same were due and owing to her.

39. Defendants have engaged in unlawful conduct in violation of Plaintiff's protected legal rights and to the detriment of Plaintiff.

40. Defendants' unlawful conduct was motivated by actual malice, was intentional, willful and reckless, and was carried out by said Defendants with willful, callous, wanton and reckless disregard of Plaintiff's rights. Upon information and belief, Defendants engaged in similar conduct towards Mr. Lorelli and Susan McCabe (a former employee of Equality Specialties) by, among other items, separating those employees from the company and unlawfully failing to pay them monies due and owing to them.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

41. Plaintiff repeats and realleges every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as though fully set forth herein.

42. At all times, Plaintiff was qualified for her position, performed well and fully performed any contractual or other legal

obligations, if any, to Defendants.

43. Defendants breached their contractual obligations to Plaintiff by, among other items, failing to pay Plaintiff wages, monies and benefits due and owing to her, including the Wages.

44. Plaintiff has been damaged by Defendants' unlawful conduct.

45. Defendants' conduct, as alleged herein, constituted a breach of Defendants' contractual obligations to Plaintiff, and a breach of contract.

46. Plaintiff is entitled to an award of damages and lost interest and other relief from Defendants, including without limitation damages caused by Defendants' unlawful conduct, in an amount to be determined.

## SECOND CAUSE OF ACTION

### (Promissory Estoppel)

47. Plaintiff repeats and realleges every allegation in paragraphs 1 through 46 of this Complaint with the same force and effect as though fully set forth herein.

48. Defendants' promise to pay wages, monies and benefits, including the Wages, to Plaintiff was a clear and unambiguous promise, the terms of which promise unequivocally constituted the terms of Plaintiff's employment.

49. Plaintiff justifiably relied upon Defendants' promise in accepting and continuing her employment and in declining to

-8-

pursue other employment.

50. Plaintiff acted to her detriment in doing so, in reliance upon the promise made to her by Defendants.

51. Plaintiff's reliance was the reasonable and foreseeable reliance upon the promise made to her by Defendants.

52. As a result of such reliance, Plaintiff suffered an unconscionable injury by accepting and continuing her employment, and declining to pursue other employment.

53. As a result of such reliance, Plaintiff changed her position to her detriment, by accepting and continuing her employment, and declining to pursue other employment.

54. As a direct and proximate cause of the broken promise by Defendants to Plaintiff, and Plaintiff's justifiable reliance thereon, Defendants have caused Plaintiff to suffer damages.

55. Plaintiff has been damaged by Defendants' unlawful conduct.

56. Defendants' conduct, as alleged herein, constituted a breach of Defendants' obligations to Plaintiff based upon promissory estoppel.

57. Plaintiff is entitled to an award of damages and lost interest and other relief from Defendants, including without limitation damages caused by Defendants' unlawful conduct, in an amount to be determined.

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

58. Plaintiff repeats and realleges every allegation in paragraphs 1 through 57 of the Complaint with the same force and effect as though fully set forth herein.

59. Defendants have been unjustly enriched at Plaintiff's expense by, among other items, failing to pay Plaintiff wages, monies, and benefits, including the Wages, for services rendered by Plaintiff.

60. Defendants have been unjustly enriched at Plaintiff's expense.

61. The circumstances are such that equity and good conscience require Defendants to make full restitution to Plaintiff.

62. Plaintiff has been damaged by Defendants' unlawful conduct.

63. Defendants' conduct, as alleged herein, constituted unjust enrichment.

64. Plaintiff is entitled to an award of damages and lost interest and other relief from Defendants, including without limitation damages caused by Defendants' unlawful conduct, in an amount to be determined.

## FOURTH CAUSE OF ACTION

### (Quantum Meruit)

65. Plaintiff repeats and realleges every allegation in paragraphs 1 through 64 of the Complaint with the same force and effect as though fully set forth herein.

66. Plaintiff performed services in good faith.

67. Plaintiff expected to be compensated for the services she performed.

68. Defendants accepted Plaintiff's performance of services.

69. Defendants have failed to pay Plaintiff for the reasonable value of the services that Plaintiff performed.

70. Defendants have failed to pay Plaintiff wages, monies, and benefits, including the Wages.

71. Plaintiff has been damaged by Defendants' unlawful conduct.

72. Defendants' conduct, as alleged herein, constituted quantum meruit.

73. Plaintiff is entitled to an award of damages and lost interest and other relief from Defendants, including without limitation damages caused by Defendants' unlawful conduct, in an amount to be determined.

### FIFTH CAUSE OF ACTION

### (New York State Labor Law §§ 190-199)

74. Plaintiff repeats and realleges every allegation in paragraphs 1 through 73 of the Complaint with the same force and effect as though fully set forth herein.

75. Plaintiff was an "employee" within the meaning of the New York State Labor Law ("Labor Law") §§ 190-199, see, e.g., N.Y. Lab. L. § 190.

76. Each Defendant was and is an "employer" within the meaning of the Labor Law and was and is legally required to comply with the Labor Law, see, e.g., N.Y. Lab. L. § 190(3).

77. Plaintiff's unpaid wages, monies, and benefits, including the Wages as alleged herein, are "wages" within the meaning of the Labor Law, see, e.g., N.Y. Lab. L. §§ 190(1), 198-c(2).

78. Defendants failed to pay Plaintiff wages, in violation of the Labor Law, see, e.g., N.Y. Lab. L. §§ 191, 198.

79. Defendants violated the substantive provisions of the Labor Law, including without limitation Sections 191 and 198 of the Labor Law, see, e.g., N.Y. Lab. L. §§ 191, 198.

80. Plaintiff has been damaged by Defendants' unlawful conduct.

81. Defendants' conduct, as alleged herein, constituted unlawful failure to pay wages under the Labor Law.

82. Defendants' unlawful conduct was willful within the meaning of the Labor Law and in reckless disregard of the requirements imposed by the Labor Law, see, e.g., N.Y. Lab. L. §§ 191, 198(1-a).

83. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered substantial monetary damages, including without limitation damages for unpaid wages, lost interest, and attorneys' fees and costs.

84. As a direct result of Defendants' unlawful conduct, Plaintiff is entitled to recover damages from Defendants under the Labor Law, including without limitation damages for unpaid wages, lost interest, and attorneys' fees and costs, see, e.g., N.Y. Lab. L. §§ 191, 198.

85. By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against Defendants, in an amount to be determined at trial, together with interest thereon, to compensate Plaintiff for Defendants' violation of the Labor Law and failure to pay Plaintiff wages, see, e.g., N.Y. Lab. L. §§ 191, 198.

86. Plaintiff is also entitled to an award of liquidated damages in an amount equal to twenty-five percent (25%) of her unpaid wages, in an amount to be determined at trial, recovery of her attorneys' fees and costs, and an award of $50, as against Defendants, see, e.g., N.Y. Lab. L. §§ 191, 198(1), 198(1-a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment in favor of Plaintiff against Defendants on all Causes Of Action, as follows:

(a) On The First Cause Of Action, award Plaintiff as against Defendants damages to compensate Plaintiff for Defendants' breach of contract;

(b) On The First Cause Of Action, award Plaintiff as against Defendants damages to compensate Plaintiff for additional damages arising out of and/or flowing from Defendants' unlawful conduct;

(c) On The First Cause Of Action, award Plaintiff as against Defendants lost interest at the applicable statutory rate;

(d) On The Second Cause Of Action, award Plaintiff as against Defendants damages to compensate Plaintiff for Defendants' breach of contract based upon promissory estoppel;

(e) On The Second Cause Of Action, award Plaintiff as against Defendants damages to compensate Plaintiff for additional damages arising out of and/or flowing from Defendants' unlawful conduct;

(f) On The Second Cause Of Action, award Plaintiff as against Defendants lost interest at the applicable statutory rate;

(g) On The Third Cause Of Action, award Plaintiff as against Defendants damages to compensate Plaintiff for Defendants' unjust enrichment;

(h) On The Third Cause Of Action, award Plaintiff as against Defendants damages to compensate Plaintiff for additional damages arising out of and/or flowing from Defendants' unlawful conduct;

(i) On The Third Cause Of Action, award Plaintiff as against Defendants lost interest at the applicable statutory rate;

(j) On The Fourth Cause Of Action, award Plaintiff as against Defendants damages to compensate Plaintiff in quantum meruit and for Defendants' unlawful conduct;

(k) On The Fourth Cause Of Action, award Plaintiff as against Defendants damages to compensate Plaintiff for additional damages arising out of and/or flowing from Defendants' unlawful conduct;

(l) On The Fourth Cause Of Action, award Plaintiff as against Defendants lost interest at the applicable statutory rate;

(m) On The Fifth Cause Of Action, award Plaintiff as against Defendants the amount of unpaid wages due and owing to Plaintiff, in accordance with the Labor Law, *see, e.g.*, N.Y. Lab. L. §§ 191, 198;

(n)  On The Fifth Cause Of Action, award Plaintiff as against Defendants liquidated damages in an amount equal to twenty-five percent (25%) of the award for unpaid wages, in accordance with the Labor Law, see, e.g., N.Y. Lab. L. §§ 191, 198(1-a);

(o)  On The Fifth Cause Of Action, award Plaintiff as against Defendants lost interest at the applicable statutory rate;

(p)  On The Fifth Cause Of Action, award Plaintiff as against Defendants the cost of the action and disbursements, together with attorneys' fees, in accordance with the Labor Law, see, e.g., N.Y. Lab. L. §§ 191, 198(1-a);

(q)  On The Fifth Cause Of Action, award Plaintiff as against Defendants the amount of $50, in accordance with the Labor Law, see, e.g., N.Y. Lab. L. §§ 191, 198(1);

(r)  Award Plaintiff punitive and exemplary damages;

(s)  Award Plaintiff the costs of the action and disbursements, together with attorneys' fees; and

(t)  Grant Plaintiff such other and further relief as may be necessary and proper.

Aug 18 2009 1:58PM  Goldberg & Fliegel LLP  212 973 9577  p.19
Case 1:09-cv-07276-VM   Document 1   Filed 08/18/09   Page 19 of 19

Dated: New York, New York
August 17, 2009

GOLDBERG & FLIEGEL LLP

By: *Kenneth A. Goldberg*
Kenneth A. Goldberg, Esq. (KG0295)
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys for the Plaintiff

-17-